IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL A. HAYWOOD,** | ) | CIVIL ACTION NO. 11-1200 |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| v. | ) | |
| **THE UNIVERSITY OF PITTSBURGH,** | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant The University of Pittsburgh ("defendant") filed a Motion to Revoke *Pro Hac Vice* Admissions of Attorney Anthony G. Buzbee ("Attorney Buzbee") and Attorney Christopher K. Johns ("Attorney Johns") on September 20, 2012. (ECF No. 40.) Defendant is seeking the revocation of the *pro hac vice* admissions of Attorneys Buzbee and Johns and the Buzbee Law Firm, counsel for plaintiff Michael A. Haywood ("plaintiff"), on the basis that an agreement between the Buzbee Law Firm and Albert Elias ("Attorney Elias") violated public policy and the Pennsylvania Rules of Professional Conduct. Defendants are also seeking the revocation of Attorney Buzbee's *pro hac vice* admission by reason of his failure to inform the court that on July 9, 2012 his *pro hac vice* admission to the Iowa District Court for Muscatine County, Iowa, was revoked. A hearing on this motion was held on December 17, 2012 (the "hearing").

With respect to the first basis for revocation of Attorneys Buzbee's and Johns' *pro hac vice* admissions, the court noted that Attorney Elias, who is expected to be a material witness in this case, referred plaintiff's case to the Buzbee Law Firm pursuant to an agreement

(the "referral agreement") under which he is to receive fifteen percent of the gross attorneys' fees awarded if plaintiff is victorious in this case. As more fully set forth on the record, the referral argument under those circumstances is invalid as a matter of public policy. See Belfonte v. Miller, 243 A.2d 150, 154 (Pa. Super. Ct. 1968). Attorneys Buzbee and Johns and the Buzbee Law Firm will be prohibited from paying Attorney Elias any fee under the referral agreement.

With respect to the second asserted basis for the revocation of Attorney Buzbee's *pro hac vice* admission, i.e., his failure to advise the court that on July 9, 2012, his *pro hac vice* admission to the Iowa District Court for Muscatine County, Iowa, was revoked, the court determined that the issue being raised is whether that failure constitutes a violation of Local Rule of Court 83.3.D.1. That rule provides:

> **1. Notice by Attorney of Public Discipline.** Any attorney admitted to practice before this Court shall, upon being subjected to public discipline by any other Court of the United States or the District of Columbia, or by a Court of any state, territory, commonwealth or possession of the United States, promptly inform the Clerk of this Court of such action.

LCvR 83.3.D.1. That kind of issue must be referred to the Chief Judge pursuant to Local Rule of Court 83.3.B.1, which provides:

> When misconduct or allegations of misconduct which, if substantiated, would warrant discipline on the part of an attorney admitted to practice before this Court shall come to the attention of a District Judge or Magistrate Judge of this Court, whether by complaint or otherwise, . . . the Chief Judge shall in his or her discretion and with prior agreement of the Disciplinary Board of the Supreme Court of Pennsylvania appoint as counsel attorneys serving in the Office of Disciplinary Counsel of the Disciplinary Board or one or more members of the bar of this Court to investigate allegations of misconduct or to prosecute disciplinary proceedings under these rules or in conjunction with such a reinstatement petition . . . .

LCvR 83.3.B.1.

In accordance with that rule, the court will refer to the Chief Judge defendant's motion limited to the issue whether Attorney Buzbee's failure to inform the court that his *pro*

2

*hac vice* admission to the Iowa District Court for Muscatine County, Iowa, was revoked on July 9, 2012 constitutes a violation of Local Rule 83.3.D. The Chief Judge has discretion to appoint counsel. If counsel is appointed and determines that a formal disciplinary proceeding should be initiated, defendant may file a motion with this court with respect to what sanctions, if any, are appropriate. See LCvR 83.3.D.3.

IT IS HEREBY ORDERED that for the reasons set forth above and more fully set forth on the record during the hearing, the motion (ECF No. 40) is GRANTED to the extent the referral agreement is hereby found to be invalid as a matter of public policy, and Attorneys Buzbee and Johns and the Buzbee Law Firm are hereby prohibited from paying Attorney Elias any fee under the referral agreement.

IT IS HEREBY FURTHER ORDERED that the issue with respect to whether Attorney Buzbee's *pro hac vice* admission should be revoked by reason of his failure to report the revocation of his *pro hac vice* admission in state court in Iowa is hereby referred to Chief Judge Lancaster pursuant to Local Rule of Court 83.3.B.1. In all other respects, the motion is DENIED.

Dated: December 18, 2012                              IT IS SO ORDERED.

                                                      /s/ Joy Flowers Conti
                                                      Joy Flowers Conti
                                                      United States District Court Judge